```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF INDIANA
                           HAMMOND DIVISION

PAUL FLETCHER,                  )
                                )
           Plaintiff,           )
                                )    Cause No. 2:14-CV-231
     vs.                        )
                                )
HOEPPNER WAGNER & EVANS,        )
LLP, et al.,                    )
                                )
           Defendants.          )
```

## OPINION AND ORDER

This matter is before the Court on the Defendant, Hoeppner Wagner & Evans, LLP's Response and Renewed Motion to Dismiss Plaintiff's complaint, filed by Defendant, Hoeppner Wagner & Evans, LLP, on March 9, 2015 (DE #39). For the reasons set forth below, the motion (DE #39) is **DENIED.**

BACKGROUND

Plaintiff, Paul Fletcher, filed his complaint pro se on July 7, 2014, alleging legal malpractice against the law firm Hoeppner Wagner & Evans, LLP (hereinafter "HWE"), Shambaugh, Kast, Beck & Williams, LLP, and Wayne Golomb, an individual. On January 12, 2015, HWE filed a motion to dismiss for failure to state a claim and lack of subject matter jurisdiction, claiming the Court lacked diversity jurisdiction and the legal malpractice claim was barred

by the applicable two-year statute of limitations. (DE #25). Subsequently, Plaintiff filed an amended complaint on March 6, 2015 (DE #38). Because there was a new complaint, the Court then denied as moot HWE's motion to dismiss (DE #41).

HWE filed the instant motion to dismiss for failure to state a claim in the amended complaint (DE #39) and this Court also allowed it to incorporate previous argument and case law in support of the pending motion to dismiss. (DE #43.) The only claim HWE now makes is that the alleged acts of legal malpractice occurred two years before the filing of Plaintiff's complaint, and are therefore barred by the statute of limitations. Plaintiff filed a response to the instant motion to dismiss on March 23, 2015 (DE #44). To date, no reply has been filed. Therefore, the motion is fully briefed and ready for adjudication.


DISCUSSION

Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (internal quotations omitted); *see also Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011) (citation omitted) ("While the federal pleading standard is quite forgiving . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Plus, *Iqbal* requires that a plaintiff plead content which allows this Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. 556 U.S. at 678.

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.,* 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner,*

967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' " and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Twombly,* 550 U.S. at 569 n. 14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (quotation marks, ellipsis, citations and footnote omitted). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank*, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

<u>Statute of Limitations</u>

The factual allegations do not need to be parsed through at this point in the litigation. What is important, is Plaintiff alleges malpractice against HWE in its representation of him in a lawsuit pending in Lake County, Indiana, filed against Fidelity (a stock brokerage service), and an individual named Mark Zupan.

All parties agree that the statute of limitations for a claim

4

of legal malpractice is two years. Ind. Code Ann. § 34-11-2-4. Both parties also agree that legal malpractice actions are subject to the "discovery rule," which provides the statute of limitations does not begin to run until the plaintiff "knows, or in the exercise of ordinary diligence could have discovered, that he had sustained an injury as the result of the tortious act of another." *Biomet, Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 764 (Ind. Ct. App. 2003) (citing *Morgan v. Benner*, 712 N.E.2d 500 (Ind. Ct. App. 1999)). The only issue in this motion is whether Plaintiff timely filed this lawsuit on July 7, 2014. HWE concedes that "[g]enerally, a statute of limitations affirmative defense is not susceptible to disposition on a rule 12(b)(6) motion to dismiss." (DE #26, p. 9 quoting *Salas v. Wisconsin Dept. Of Corrections*, 493 F.3d 913 (7th Cir. 2007)).

In arguing the complaint was untimely, HWE first points to the amended complaint, where by "mid-February 2012, Plaintiff was becoming frustrated because he felt that HWE was not engaging in necessary discovery in a timely manner, nor following up with discovery requests responsive to deposition testimony and produced documents." (Am. Compl., DE #38 ¶ 60.) It also points to the allegation that "[b]y June 2012, in frustration, Plaintiff withheld payment of fees from HWE in an effort to get HWE's attention and to make sure that the discovery he wanted done would be undertaken and completed." (*Id.* ¶ 73.) The Court does not believe these

5

allegations meet the necessary standard of the "discovery rule." Indeed, *Biomet* holds the two year limitations period does not start until the plaintiff *knows* that "he had sustained an injury as the result of the tortious act of another." 791 N.E.2d at 765. From February 2012 to June 2012, while Plaintiff was frustrated with the representation, there is nothing in the amended complaint that shows he knew he had suffered an injury because of HWE's representation. The Court concurs with Plaintiff that no injury occurred until after HWE was given leave to withdraw as Plaintiff's attorney on July 6, 2012, when a new judge was assigned to the case and closed discovery without Plaintiff receiving the discovery he wanted. (Am. Compl., DE #38, ¶¶ 73-74.) The amended complaint alleges that as a result of failing to conduct discovery, Zupan was granted summary judgment in the underlying case in May of 2013, which caused damage to Plaintiff. (*Id.* ¶ 77.)

*Biomet* goes on to adopt the "continuous representation doctrine," which holds "the statute of limitations does not commence until the end of an attorney's representation of a client in the same matter in which the alleged malpractice occurred." *Id.* at 765. This rule:

> [I]s available and appropriate in those jurisdictions (like Indiana) adopting the damage and discovery rules. The policy reasons are as compelling for allowing an attorney to continue his efforts to remedy a bad result, even if some damages have occurred and even if the client is fully aware of the attorney's error. The doctrine

6

> is fair to all parties concerned. The attorney has
> the opportunity to remedy, avoid or establish that
> there was no error or attempt to mitigate the
> damages. The client is not forced to terminate
> this relationship, though the option exists. The
> result is consistent with all expressed policy
> bases for the statute of limitations.

791 N.E.2d at 766. Even assuming, *arguendo*, that Plaintiff did know of his injury and suffered damage in June of 2012 (as HWE contends), the complaint would still be timely under the continuous representation rule. HWE's representation of Plaintiff terminated on July 6, 2012. (Pl.'s Ex. 1, ¶ 73.) Plaintiff had until July 6, 2014 (2 years after the attorney client relationship terminated) to file his legal malpractice cause of action. July 6, 2014 fell on a Sunday, so Plaintiff actually had until July 7, 2014 to file his complaint, and that is the exact date he filed this action. (DE #1). As such, Plaintiff's complaint is timely.

CONCLUSION

For the reasons set forth above, Defendant, Hoeppner Wagner & Evans, LLP's Response and Renewed Motion to Dismiss Plaintiff's complaint (DE #39) is **DENIED.**

**DATED:    April 22, 2015            /s/ RUDY LOZANO, Judge**
                                      **United States District Court**

7