# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

```
PAUL FLETCHER,                )
                              )
          Plaintiff,          )
                              )   Cause No. 2:14-CV-231
     vs.                      )
                              )
HOEPPNER WAGNER & EVANS,      )
LLP, et al.,                  )
                              )
          Defendants.         )
```

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Counts II-IV of Plaintiff's First Amended Complaint, filed by Defendant, Wayne Golomb, on April 20, 2015 (DE #46). For the reasons set forth below, the motion to dismiss (DE #46) is **DENIED**.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" that the pleader is entitled to relief. However, fraud and constructive fraud claims are subject to the heightened Rule 9(b) pleading standards. *Cincinnati Life Ins. Co. v.*

*Grottenhuis*, No. 2:10-cv-00205-LJM-WGH, 2011 WL 1107114, at *8 (S.D. Ind. Mar. 23, 2011) (it is "undisputed that the constructive and actual fraud claims are subject to heightened Rule 9(b) pleading standards.").

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, plaintiffs may plead themselves out of court if the complaint includes allegations that show they cannot possibly be entitled to the relief sought. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Facts

Plaintiff, Paul Fletcher ("Fletcher"), and Scott Taylor ("Taylor") were life-long close friends, who shared a common in interest in automobiles. (DE #38, First Am. Compl. ¶¶ 11, 13.) Taylor was a mechanic who had performed automobile restoration work for Defendant, Wayne Golomb ("Golomb"). (*Id.* ¶ 19.) Taylor did not marry, and had no children. (*Id.* ¶ 12.) In 1998, Taylor designated Fletcher as the sole beneficiary for all of Taylor's

investment accounts held at Fidelity Brokerage Services ("Fidelity Accounts"). (*Id.* ¶ 16.) Those accounts totaled approximately $337,000. (*Id.* ¶ 34.) In addition to the Fidelity Accounts, Fletcher has alleged that Taylor also owned other investments held in "certificates of deposit or otherwise." (*Id.* ¶¶ 15, 18.)

In 2001, Taylor was diagnosed with cancer. (*Id.* ¶ 14.) In April 2007, Taylor's health worsened. (*Id.* ¶ 17.) Around that time, Fletcher alleges Taylor told him Fletcher was the beneficiary of his investment/retirement accounts. (*Id.*) Taylor did not want the funds going to Fletcher to be a part of his probate estate because he thought the funds would go mostly to attorneys and the Government. (*Id.*) Fletcher alleges that Taylor told him and several other friends that the total value of his investments was just under $1,000,000, and that Fletcher was the sole beneficiary thereto. (*Id.* ¶¶ 15, 18.)

Prior to his death, Taylor entrusted Golomb, a long-term client of Taylor and an attorney who was then retired, to manage his financial accounts including the Fidelity accounts and other investments which Fletcher alleges Taylor had told Fletcher he was going to receive when Taylor died. (*Id.* ¶ 20.) While Fletcher alleges upon information and belief that Golomb controlled Taylor's Fidelity accounts plus about $500,000 in maturing certificates of deposit belonging to Taylor, and alleges Golomb had "full" and or "trading authority" on the Fidelity Accounts, he also concedes he

3

does not know the location of the funds or have any documentary evidence supporting his allegation that Golomb is holding any such funds. (*Id.* ¶¶ 21, 89.)

Taylor died on September 23, 2008. (*Id.* ¶ 11.) After Taylor's death, Fidelity notified Fletcher that a change of beneficiary had been executed on August 2, 2008, and Mark Zupan, a childhood acquaintance, was now the beneficiary on Taylor's Fidelity Accounts. (*Id.* ¶ 33.)

Fletcher believes that Taylor's change of beneficiary to the Fidelity Account was obtained under fraudulent circumstances. (*Id.* ¶ 35.) Plaintiff alleges Zupan had placed calls to Golomb and Fidelity Investment around the time the beneficiary was changed. (*Id.* ¶ 29.) At first, Golomb denied any communications with Zupan, but Fletcher later learned Golomb was not truthful with him – and that Golomb indeed had been communicating with Zupan around the time the beneficiary change was made. (*Id.* ¶ 37.) Plaintiff believes that Zupan and Golomb somehow induced, or acted in collaboration with, a branch of Fidelity Brokerage Services LLC to create and/or forge the change of beneficiary form governing Taylor's Fidelity Accounts without Taylor's knowledge. (*Id.*) Fletcher alleges he and his wife called Golomb, and Golomb "affirmed to both Plaintiff and his wife that he understood Plaintiff was to be Taylor's beneficiary." (*Id.* ¶ 36.)

Fletcher notified Fidelity he believed the beneficiary change

4

was obtained fraudulently, and Fidelity denied any fraudulent activity. (*Id.* ¶¶ 35, 38.) Fletcher filed suit against Fidelity and Zupan in state court in Crown Point, Indiana, Cause No. 45D11-0902-PL-00024, captioned *Paul Fletcher v. National Financial Services d/b/a Fidelity Investments and Mark Zupan* (hereinafter "state court action"). (*Id.* ¶ 38.) Plaintiff alleges Golomb had access to and was managing Taylor's financial accounts, which Plaintiff believes included the Fidelity accounts as well as the $500,000 in maturing certificates of deposits belonging to Taylor. (*Id.* ¶¶ 21, 43.) Fletcher's attorney in the state court action sent Golomb a letter inquiring about the accounts, but Fletcher claims the letter went unanswered. (*Id.* ¶¶ 44, 92.)

Fletcher alleges Golomb is withholding information about the investment accounts. (*Id.* ¶ 89.) Fletcher claims Golomb has a duty to communicate with him since the funds were entrusted to him by Taylor, and because he was the intended beneficiary of the funds. (*Id.* ¶¶ 89, 90.) Based on these allegations, Plaintiff has asked the Court to find Golomb guilty of constructive fraud, and subject to equitable remedies including the imposition of a constructive trust, accounting and turnover. (*Id.*, Counts II-IV.) The instant motion to dismiss seeks to dismiss Counts II-IV of the First Amended Complaint.

Indiana Dead Man's Statute

5

Defendant Golomb argues that the Indiana Dead Man's Statute bars Fletcher from using his alleged dealings/conversations with Taylor to support the allegations contained in his first amended complaint.

The general purpose of the Dead Man's Statute, Ind. Code § 34-45-2-4, is to protect a decedent's estate from spurious claims. *Gabriel v. Gabriel*, 947 N.E.2d 1001, 1009 (Ind. Ct. App. 2011). Before the statute will apply, "the party whose testimony is to be excluded must be one 'whose interest is adverse to the estate.'" *Id.* (quoting Ind. Code § 34-45-2-4(d)(2).) At this stage of the proceedings, on a motion to dismiss, the Court cannot definitively say that Fletcher has an interest "adverse to the estate." Indeed, Fletcher claims in his complaint that Taylor did not want the funds he was leaving Fletcher to go through a probate estate, and that the funds were intended to pass to Fletcher outside of probate. (DE #38 ¶ 17). Because at this stage it is unclear who is the "estate," and who might have an adverse interest to the estate, at this point in the litigation, the Court will not bar allegations in the complaint based on the Dead Man's Statute.

Constructive Fraud

For constructive fraud, Plaintiff must plead: (1) a duty owing by the party to be charged to the complaining party due to their relationship; (2) violation of that duty by the making of deceptive

6

material misrepresentations of past or existing facts or remaining silent when a duty to speak exists; (3) reliance thereon by the complaining party; (4) injury to the complaining party as a proximate result thereof; and (5) the gaining of an advantage by the party to be charged at the expense of the complaining party. *Demming v. Underwood*, 943 N.E.2d 878, 892 (Ind. Ct. App. 2011) (citing *Rice v. Strunk*, 670 N.E.2d 1280, 1284 (Ind. 1996)). The plaintiff has the burden of proving the first and last of these elements. *Demming*, 943 N.E.2d at 892. In other words, to prove constructive fraud, Plaintiff must show the existence of a duty owed by Golomb to him because of their relationship, and that Golomb gained an advantage. *See Morfin v. Estate of Martinez*, 831 N.E.2d 791, 802 (Ind. Ct. App. 2005). To survive a motion to dismiss, Plaintiffs' complaint must include "either direct or inferential allegations respecting all" five of the elements. *See Twombly*, 550 U.S. at 562.

First, Golomb claims that Fletcher has failed to plead sufficient factual allegations to show he is entitled to receive any funds upon Taylor's death. (DE #47, pp. 10-13.) Rule 9(b) requires that, when pleading a claim sounding in fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Although "particularity" is somewhat flexible, a plaintiff usually must identify the person who made the misrepresentation, the time, place, and content of the

misrepresentation, and the way in which it was communicated to the plaintiff. Gen. *Elec. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997). Fraud may be based "on information and belief . . . so long as (1) the facts constituting the fraud are not accessible to the plaintiff and (2) the plaintiff provides the grounds for his suspicions." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, No. 10-1686, 2011 WL 183163, at *4 (7th Cir. 2011) (citing *Uni *Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992); *see also Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992)).

Turning to the allegations in the complaint, this Court believes the first amended complaint comports with Rule 9(b) by putting Golomb on notice as to a specific misrepresentation or omission. Fletcher alleges that Golomb was entrusted by Taylor to hold and manage almost $1,000,000, and to pass the funds on to Fletcher outside of probate after his death. (DE #38, ¶¶ 17, 20-21.) That instead of giving the funds to Fletcher after Taylor's death, Golomb has retained a significant portion of the funds, has refused to provide any information to Fletcher about the funds (despite Fletcher's attempts to obtain information), and "affirmed to both Plaintiff and his wife that he understood Plaintiff was to be Taylor's beneficiary." (*Id.* ¶¶ 36, 44, 87, 90, 96.) At this stage of the proceedings, and because Plaintiff alleges Golomb has refused to turn over information about the funds or communicate

about the funds (thus additional facts are not accessible to Plaintiff), the allegations are sufficient to survive a motion to dismiss. *See Pirelli*, 2011 WL 183163, at *4.

Second, Golomb argues that Plaintiff has failed to allege the first element, a duty owed by Golomb to Plaintiff. Such a duty results from a "confidential or fiduciary" relationship between the parties. *McKibben v. Hughes*, No. 34A02-1311-PL-988, 2014 WL 7212858, at *5 (Ind. Ct. App. Dec. 19, 2014). The relationship may arise "by operation of law," such as when parties share a relationship like attorney and client, guardian and ward, or principal and agent; or, the relationship may arise when "confidence is reposed by one party in another with resulting superiority and influence exercised by the other." *Id.*

In this case, construing all inferences which may be reasonably drawn from the facts in the light most favorable to Plaintiff, as this Court must, *MDG Int'l, Inc. v. Australian Gold, Inc.*, No. 1:07 CV 1096-SEB-TAB, 2008 WL 3982072, at *2 (S.D. Ind. Aug. 22, 2008), the Court finds Fletcher has adequately pled that Golomb owed Taylor a fiduciary duty in managing the funds at issue. Because Plaintiff has alleged that he was the intended third-party beneficiary of those funds, he has pled facts establishing a cause of action for constructive fraud. *See, e.g., Flaherty & Collins, Inc. v. BBR-Vision 1, LP*, 990 N.E.2d 958, 971 (Ind. Ct. App. 2013) ("the promisor has a legal interest in performance in favor of the

third party and in which the performance of the terms of the contract between two parties must necessarily result in a direct benefit to a third party which was so intended by the parties.").

CONCLUSION

For the reasons set forth above, the motion to dismiss (DE #46) is **DENIED**.

DATED:   July 29, 2015            /s/ RUDY LOZANO, Judge
                                  **United States District Court**

10