# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| PAUL FLETCHER,<br>    Plaintiff,<br><br>v.<br><br>HOEPPNER WAGNER & EVANS, LLP<br>and WAYNE GOLOMB,<br>    Defendants. | CAUSE NO.: 2:14-CV-231-RL-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion of Plaintiff to Strike Certain Answers of Defendant Golomb to the First Amended Complaint and to Strike Certain Affirmative Defenses [DE 70], filed by Plaintiff Paul Fletcher on September 21, 2015. Defendant Wayne Golomb filed a response on October 5, 2015, and Fletcher filed a reply on October 12, 2015.

Golomb filed an Answer and Affirmative Defenses on August 17, 2015. As an initial matter, the Court declines Golomb's request in his response brief to deny the motion as untimely. Federal Rule of Civil Procedure 12(f) provides that the Court may act on its own or "[o]n motion made by a party . . . , if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). The instant motion was filed 35 days after the Answer was filed. Fletcher did not seek an extension of the deadline prior to its expiration. Accordingly, the standard for allowing the late motion is excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The determination of whether a party's neglect of a deadline is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-96 (1993).

Counsel for Fletcher represents in the reply brief, supported by an Affidavit, that she believed that, based on a conversation during the parties planning meeting, counsel for Golomb did

not object to the late filing of the motion as long as it was filed prior to the Rule 16(b) conference. The Rule 16(b) conference was scheduled for September 24, 2015. Adding to Fletcher's delay, although not affecting his ability to meet the 21-day deadline, was unanticipated oral surgery undergone by counsel for Fletcher on September 10, 2015. The Court finds that Fletcher has shown excusable neglect. The delay was short, and, thus, the impact on these proceedings and any prejudice to Golomb is minimal. Counsel for Fletcher was acting in good faith.

The Court now turns to the merits of Fletcher's motion, in which Fletcher asks the Court to strike several answers and either deem the allegations admitted or require Golomb to file answers in compliance with Federal Rule of Civil Procedure 8. In addition, Fletcher asks the Court to strike several of Golomb's affirmative defenses.

Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Seventh Circuit Court of Appeals has explained that motions to strike are generally disfavored—nevertheless, a motion to strike may "serve to expedite, not delay," when it seeks to strike portions of a pleading to "remove unnecessary clutter from the case." *Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

### A. Answers

Federal Rule of Civil Procedure 8(b), titled "Defenses; Admissions and Denials," provides:

**(1)** *In General.* In responding to a pleading, a party must:

> **(A)** state in short and plain terms its defenses to each claim asserted against it; and
> **(B)** admit or deny the allegations asserted against it by an opposing party.

**(2)** *Denials--Responding to the Substance.* A denial must fairly respond to the substance of the allegation.

>    **(3)** *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
>
>    **(4)** *Denying Part of an Allegation*. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.
>
>    (**5**) *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.
>
>    **(6)** *Effect of Failing to Deny.* An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Fed. R. Civ. P. 8(b).

Fletcher argues that Golomb offers evasive, vague, or impermissible qualified denials that do not comply with Rule 8. The Court considers each of Fletcher's argument in turn.

*1.    Paragraphs 19, 20, 21, 22, 29, 30, 36, 37, and 85 and Paragraphs 23 and 45*

In his answers to Paragraphs 19, 20, 21, 22, 29, 30, 36, 37, and 85, Golomb states either as his entire answer or as part of his answer after admitting a portion of the allegation: "Defendant Golomb *denies* said allegations for the reason that same *are untrue in whole or part*." (emphasis added). Fletcher objects to the use of the phrase "untrue in whole or part" because Rule 8(b)(4) requires that a "party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). However, Golomb unequivocally denies the allegations of the paragraphs, in compliance with Rule 8(b)(4). The fact that he supports his unequivocal denial with the reasoning that the allegations are "untrue in whole or part" does not change the fact that he denies the allegations.

Similarly, in his answers to Paragraphs 23 and 45, Golomb states, as part of each answer: "Any and all other allegations contained in said paragraph either stated directly or by innuendo are denied for the reason that the same may be untrue in whole or in part." Once again, Golomb unequivocally denies the allegations.

The Court denies the Motion to Strike the answers to Paragraphs 19, 20, 21, 22, 29, 30, 36, 37, and 85 and the answers to Paragraphs 23 and 45. Fletcher will have an opportunity to flesh out the particularities of the bases for these answers through discovery.

2.  *Paragraphs 1, 2, 6, 8, 9, 11-14, 18, 24-28, 31-35, 38-44, 46-48, and 86-97*

In his answer to each of these paragraphs, Golomb provided the following response: "Defendant Golomb, having inadequate *information* upon which to base an answer; therefore, *denies* said allegations."

Fletcher argues that this answer violates Rule 8(b)(5), which requires that "[a] party that lacks *knowledge or information* sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5) (emphasis added). Having reviewed these answers, the Court finds that the failure to include the word "knowledge" as well as "information" does not change the substance of Golomb's answers that he is unable to form a belief about the truth of the allegation. The Court denies the Motion to Strike these paragraphs on this ground.

In addition, Fletcher argues that Golomb's claims that he lacks information are meritless as to the allegations in Paragraphs 86, 88, 89, 90, 92, 93, and 94, which provide:

> 86. Shortly after Taylor's death when Plaintiff and his wife contacted Golomb to tell him that he learned there had been a change of beneficiary shortly before Taylor's death on the Fidelity accounts, changing the beneficiary from Plaintiff to Zupan,

4

Golomb expressed surprise and stated that he understood Plaintiff was to be the beneficiary of Taylor's investment accounts.

88. To the best of Plaintiff's knowledge based on his lifelong relationship with Taylor and communications he had with Taylor, the funds which Golomb managed or controlled were earned in this judicial district, the funds are believed to have remained in this judicial district unless removed by Golomb, that Golomb advised Taylor about the funds in this judicial district and the communications regarding the accounts took place with Taylor in this judicial district.

89. Because of the negligence of his attorneys in failing to obtain records and depose Golomb and because Golomb is withholding any information about the investment accounts from Plaintiff and because only Golomb knows where he placed the funds, Plaintiff has been unable to corroborate with documentary evidence what he had been told by Taylor.

90. As fiduciary for the funds entrusted to him by Taylor and for which Plaintiff was the intended beneficiary, Golomb had a duty to communicate with Plaintiff and turn the funds over to him in accord with Taylor's wishes. Although Golomb has acknowledged to Plaintiff and his wife that Plaintiff was the intended beneficiary of Taylor's accounts Golomb failed to communicate with Plaintiff, failed to turn over the funds to Plaintiff or to explain why he has not turned over the funds to Plaintiff.

92. After Taylor's death, Plaintiff made demand upon Golomb for information about the accounts, other than Fidelity accounts, which he was holding and for which Plaintiff was told he was to be the beneficiary by Taylor and Golomb refused to provide Plaintiff any information or any accounting.

93. Plaintiff made a second demand upon Golomb to account for the funds via his attorney Williams and the second demand was ignored.

94. Golomb is engaging in a course of conduct whereby he is gaining an unconscionable advantage over Plaintiff due to the fact that Golomb is the sole person who has knowledge about the Taylor funds he is holding and for which Plaintiff was told by Taylor he was the beneficiary. Golomb is refusing to either account for the funds, turn them over, or explain why he is not turning them over in accord with what Taylor stated was to happen to the funds upon his death, namely that Plaintiff was to receive them in a beneficial capacity.

As quoted above, Golomb's answer to each of these paragraphs is that he denies the allegations because he has inadequate information upon which to base an answer. Some aspect of the allegations in each of Paragraphs 86, 88, 89, 90, 92, 93, and 94 appear to be within the personal

5

knowledge of Golomb as his personal involvement is alleged in these paragraphs. Thus, it seems improbable that Golomb has no knowledge or information sufficient to form a belief about the truth of the allegations and, thus, does not "fairly respond to the substance of the allegations." Fed. R. Civ. P. 8(b)(2). Accordingly, the Court grants the Motion to Strike as to the answers to these paragraphs and strikes the answer to Paragraphs 86, 88, 89, 90, 92, 93, and 94. The Court grants Golomb leave to file an Amended Answer that contains answers to Paragraphs 86, 88, 89, 90, 92, 93, and 94 that either admit, deny, admit in part or deny in part, or state that Golomb lacks knowledge or information sufficient to form a belief about the truth of an allegation as required by Rule 8(b)(1)(B), (b)(2), (b)(4), and (b)(5).

3. *Paragraphs 4 and 10*

Fletcher asks that the allegations in Paragraphs 4 and 10 of the Complaint be deemed admitted because Golomb has neither admitted nor denied the allegations:

> 4. Jurisdiction is based on 28 U.S.C. § 1332, diversity of citizenship.
>
> Answer: Defendant Golomb does not concede jurisdiction of this court at this time.
>
> 10. Venue is proper in this district pursuant to 28 U.S.C. § 1331 (b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this district.
>
> Answer: Defendant Golomb does not concede to venue in this district.

Golomb responds that Fletcher is parsing words. However, Golomb insists on using the phrase "does not concede," even in his response brief, and offers no law in support of such a qualified response. Rule 8(b)(1)(B) requires that the responding party admit or deny the allegations, and qualified denials are not permitted. Golomb has neither admitted or denied these allegations. Thus, the Court grants Fletcher's request in the Motion to deem admitted the allegations in Paragraphs 4 and 10.

## B. Affirmative Defenses

Affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294) ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."). "A defense is an affirmative defense if it is specifically enumerated in Fed. R. Civ. P. 8(c), if the defendant bears the burden of proof, or if the defense does not require controverting the plaintiff's proof." *Perez v. PBI Bank, Inc.*, No. 1:14-CV-1429, 2015 WL 500874, at *5 (S.D. Ind. Feb. 4, 2015) (citing *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012)). "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure" and "must set forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)).[1] In *Heller*, the court found several defenses meritless because they were "nothing but bare bones conclusory allegations," noting that the defendant "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims." *Id.* at 1295.

Fletcher asks the Court to strike Affirmative Defenses 1-3, 5-13, and 16-21. The Court addresses each argument in turn.

*1.    Affirmative Defenses 3, 9, and 13*

Affirmative Defenses 3, 9, and 13 provide:

> 3. That Plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 9(b) requiring that allegations of fraud must be stated with particularity, and to such an extent, Defendant Golomb is entitled to dismissal. Fed R Civ P 12(b).

---

[1] Notably, the Court in *Heller* does not include the requirement in 8(a)(2) of "showing that the pleader is entitled to relief." *See Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see* Fed. R. Civ. P. 8(a)(2).

7

> 9. That Plaintiff has failed to allege sufficient facts to support any claim of duty on the part of Defendant Golomb to Plaintiff or to the decedent, Scott Taylor.
>
> 13. That Plaintiff may have failed to state a cause of action upon which relief can be granted and Defendant Golomb preserves herein the right of appeal of this Court's Opinion and Order (Doc # 66).

Fletcher asks the Court to strike Affirmative Defenses 3, 9, and 13 on the basis that failure to state a claim is not an affirmative defense. Fletcher also notes that the Court previously denied Defendant Golomb's motion to dismiss for failure to state a claim. In that ruling, the Court found that the Complaint meets the pleading standards for alleging fraud under Rule 9(b) and that Fletcher adequately pled that Golomb owed Fletcher a duty.

The defense of failure to state a claim is not an affirmative defense. *See Mandel Metals, Inc. v. Walker Group Holdings*, 2015 WL 3962005, at *10 (N.D. Ill. June 26, 2015) (citing *Illinois Wholesale Cash Register, Inc. v. PCG Trading, LLC*, 2009 WL 1515290, at *2 (N.D. Ill. May 27, 2009); *AEL Fin. LLC v. City Auto Parts of Durham, Inc.*, 2009 WL 2778078, at *13 (N.D. Ill. Aug. 31, 2009)). Failure to state a claim, although a defense, is not an "affirmative defense" because it does not assume that the allegations of the Complaint are true and then provide a separate reason why the defendant is not liable. Accordingly, the Court strikes Affirmative Defenses 3 and 9. In addition, the Court has already found in favor of Fletcher on Golomb's motion to dismiss on the issues raised in both of these affirmative defenses.

As for Affirmative Defense 13, Golomb has offered no law that notice to a plaintiff of the defendant's intent to file an appeal constitutes an affirmative defense. Because it is not an affirmative defense, the Court strikes Affirmative Defense 13.

*2.     Affirmative Defense 10*

Affirmative Defense 10 provides that "Defendant Golomb was under no contractual responsibility to the decedent, Scott Taylor, and any such claims emanating from any alleged contractual duty would fail in absence of consideration."

Fletcher argues that the affirmative defense should be stricken because it appears to be a claim that Fletcher cannot establish his cause of action rather than because there is an affirmative matter that would defeat the cause of action and because it is vague and unclear. Golomb responds that this defense sets forth the absence of a contractual responsibility and consideration and that he is alerting Fletcher of his intent to establish the absence of duty and consideration. This is not an affirmative defense because it does not assume that the allegations of the Complaint are true and then provide a separate reason why Golomb is not liable. Nor does this constitute the enumerated affirmative defense of "failure of consideration." *See Lutheran Homes, Inc. v. Lock Realty Corp. IX*, No. 1:14-CV-102, 2015 WL 880644, (N.D. Ind. Mar. 2, 2015). The Court strikes Affirmative Defense 10.

*3.     Affirmative Defenses 1 and 2—Subject Matter Jurisdiction and Venue*

Affirmative Defenses 1 and 2 provide that Golomb does not concede that the Court has jurisdiction because there may not be complete diversity of citizenship and that Golomb does not concede that venue is proper because there may not be complete diversity of citizenship. As noted above, Golomb failed to deny the allegation regarding subject matter jurisdiction in his Answer, and, thus, for purposes of this pleading, has admitted subject matter jurisdiction and the Court strikes Affirmative Defense 1. However, the Court notes that a challenge to subject matter jurisdiction can be considered by the Court at any time. *See* Fed. R. Civ. P. 12(h)(3); *Bobbit v. Victorian House, Inc.*,

532 F. Supp. 734, 738 (N.D. Ill. 1982). Although lack of venue can be raised as an affirmative defense, Golomb waived the defense of improper venue by failing to raise it in his initial Rule 12 motion. *See Heller*, 883 F.2d at 1294 (recognizing affirmative defense addressing personal jurisdiction and venue); Fed. R. Civ. P. 12(g)(2), 12(h)(1)(A). Therefore, the Court strikes Affirmative Defense 2.

4.  *Affirmative Defense 5—Laches*

Affirmative Defense 5 provides that "Plaintiff's claims against Defendant Golomb, to the extent said claims sound in equity, may be barred in whole or in part by the doctrine of laches since the alleged wrongful acts of Defendant Golomb occurred prior to the death of Scott Taylor who died on September 23, 2008." Laches is an affirmative defense that has three elements: "(1) inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party." *Eli Lilly & Co. v. Arch Ins. Co.*, No. 1:13-CV-1770, 2015 WL 5287140, at *5 (S.D. Ind. Sept. 9, 2015) (citing *In re the Paternity of R.M.*, 939 N.E.2d 1114, 1120 (Ind. Ct. App. 2010) (citing *SMDfund, Inc. v. Fort Wayne-Allen Cnty. Airport Auth.*, 831 N.E.2d 725, 729 (Ind. 2005))). Golomb has sufficiently pled the affirmative defense, and the Court denies the Motion to Strike as to Affirmative Defense 5.

6.  *Affirmative Defense 11—Res Judicata*

Affirmative Defense 11 provides:

That all or a portion of the claims of the Plaintiff may be determined as being *res judicata* based upon the resolution of or outcome of Plaintiff's claims filed in Lake County, Indiana against Fidelity Investments and Mark Zupan. See, Indiana Cause No. 45D11-0902-PL-00024 *Paul Fletcher v. National Financial Services d/b/a Fidelity Investments and Mark Zupan* which Defendant Golomb is informed and believes is set for trial in December 2015.

Fletcher argues that this defense should be stricken because there is not a final judgment on the merits–an essential element of a defense of res judicata–in the state court case. Because Golomb cannot plead an element of the defense, the Court strikes Affirmative Defense 11.

7. *Affirmative Defense 16—Preemption*

Affirmative Defense 16 provides that "Plaintiff may be preempted from recovery in this matter against Defendant Golomb due to his filing of a claim in Lake County, Indiana. See, Indiana Cause No. 45D11-0902-PL-00024 *Paul Fletcher v. National Financial Services d/b/a Fidelity Investments and Mark Zupoan*." As with the defense of res judicata, this defense is predicated on the outcome of a separate litigation that is not concluded. The Court strikes Affirmative Defense 16.

8. *Affirmative Defense 19—Unjust Enrichment*

Affirmative Defense 19 provides that "to the extent that Plaintiff's claims against the Defendant Golomb sound in equity and discovery establishes support for this defense, any such claim may be barred by the doctrine of unjust enrichment." This is a bare bones defense that fails to meet the pleading requirements. Moreover, Golomb explains that this defense relates to the same state court litigation, which means that the defense is premature. The Court strikes the Affirmative Defense 19.

9. *Affirmative Defense 7—Judicial Estoppel*

Affirmative Defense 7 provides:

> That Plaintiff's claims may be barred by the doctrine of judicial estoppel since Plaintiff has filed claims against other parties involved in the alleged transaction in the County of Lake, State of Indiana alleging the wrongdoing of Mark Zupan which, if established, would nullify claims asserted herein against Defendant Golomb. See, Indiana Cause No. 45D11-0902-PL-00024 *Paul Fletcher v. National Financial Services d/b/a Fidelity Investments and Mark Zupan* which Defendant Golomb is informed and believes is set for trial in December of 2015.

11

Judicial estoppel "provides that a party who prevails on one ground in a prior proceeding cannot turn around and deny that ground in a subsequent one." *Butler v. Vill. of Round Lake Police Dept.*, 585 F.3d 1020, 1022-23 (7th Cir. 2009). As with the defense of res judicata, the underlying litigation on which Golomb relies has not concluded. Therefore, Golomb has not identified any ground on which Fletcher prevailed in a prior litigation, and Golomb is unable to plead the elements of the defense. The Court strikes Affirmative Defense 7.

*10.  Affirmative Defenses 17 and 18—Spoliation and Statute of Frauds*

Affirmative Defense 17 provides:

> That Plaintiff's claims may be barred in whole or in part by the doctrine of spoliation. Defendant, at this time, knows of no missing document(s), but should discovery reveal that documents that were or should have been in the possession of the Plaintiff were intentionally destroyed, mutilated, altered or concealed, then Defendants intend to seek an instruction that a jury may infer that any missing evidence would be unfavorable to that party. See *American Nation Property and Casualty v. Wilmoth* 893, N.E. 2d 1068 (2008).

Affirmative Defense 18 provides:

> That Plaintiff's claims against the Defendant Golomb may be barred in whole or in part by the doctrine of statute of frauds. Discovery may reveal facts to support this defense, since the allegations in Plaintiff's [Complaint] are not supported by documentation and sound in contract. See, e.g. *Coca- Cola v. Babyback's International, Inc.* 841 N.E.2d 557 (2006).

Fletcher argues that both affirmative defenses plead no facts in support of the defense and are speculative. As in prior cases, the Court declines to apply to affirmative defenses the "plausibility" standard applied in *Iqbal* and *Twombly* to a complaint. *Cottle v. Falcon Holdings Mgmt., LLC*, 2012 WL 266968, at *2 (N.D. Ind. Jan. 30, 2012). Nevertheless, Golomb has plead no facts in support of either defense. Therefore, the Court strikes Affirmative Defenses 17 and 18.

12

*12.    Affirmative Defense 20—Reservation of Right*

Affirmative Defense 20 reserves the right to identify other and additional affirmative defenses during the course of the proceedings. This is not an affirmative defense. Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. *See Bernfeld v. U.S. Airways Inc.*, 2015 WL 2448275, at *4 (N.D. Ill. May 21, 2015); *See FDIC v. Mahajan*, 923, F. Supp 2d 1133, 1141 (N.D. Ill. 2013). The Court strikes Affirmative Defense 20.

*13.    Affirmative Defenses 8 and 12—Release and Waiver*

Affirmative Defense 8 provides:

That the decedent, by his actions prior to his death, released Defendant Golomb from any further responsibilities, if he had any at all, regarding any accounts maintained by decedent in any investment company or other financial institution, including, but not limited to, any entity operated by Fidelity Investments, any banking institution, or any savings and loan or other investment entity that issued a certificate of deposit payable to the decedent.

Affirmative Defense 12 provides:

That Plaintiff, by his actions and/or inactions in financial dealings with Scott Taylor, prior to the demise of Taylor, may have waived any claim that he had, if ever, against the assets of Scott Taylor.

The Court finds that Golomb has provided the minimal factual allegations necessary to meet the pleading standard for Affirmative Defenses 8 and 12. The Court denies the Motion to Strike as to these Affirmative Defenses.

*14.    Affirmative Defenses 6*

Affirmative Defense 6 provides:

That Plaintiff's claims against Defendant Golomb are barred by the application of one or more Indiana statutes applicable to the use and admissibility into evidence of statements of a deceased uttered prior to death. E.g. IC §34-45-2-4.

Fletcher argues that this is not an affirmative defense but rather a premature objection to the admissibility of unidentified statements made by the decedent prior to his death. Fletcher reasons that this defense would not defeat his claim but would possibly defeat only the admission of certain evidence, which Golomb does not identify. Because this is not an affirmative defense, the Court strikes Affirmative Defense 6.

15. *Affirmative Defense 21-Incorporation by Reference*

Affirmative Defense 21 provides that Golomb "adopts by reference and incorporates herein any and all affirmative defenses filed by any other party to this action." Fletcher argues that this defense improperly attributes affirmative defenses of other defendants to Golomb without regard to the applicability of the claims against him. Golomb must himself plead the affirmative defenses he wishes to assert. The Court strikes Affirmative Defense 21.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** the Motion of Plaintiff to Strike Certain Answers of Defendant Golomb to the First Amended Complaint and to Strike Certain Affirmative Defenses [DE 70].

The Court **DEEMS ADMITTED** the allegations in Paragraphs 4 and 10 of the Complaint.

The Court **STRIKES** Golomb's Answer to Paragraphs 86, 88, 89, 90, 92, 93, and 94 of the Complaint. The Court grants Golomb leave to file an Amended Answer solely for the purpose of amending his answers to Paragraphs 86, 88, 89, 90, 92, 93, and 94 to either admit, deny, admit in part or deny in part, or state that Golomb lacks knowledge or information sufficient to form a belief about the truth of an allegation, as required by Rule 8(b)(1)(B), (b)(2), (b)(4), and (b)(5).

The Court **STRIKES** Affirmative Defenses 1, 2, 3, 6, 7, 9, 10, 11, 13, 16, 17, 18, 19, 20, 21.

The deadline for Golomb to file the Amended Answer is **November 25, 2015**.

The Court denies Defendant Golomb's request for costs incurred in responding to the motion.

SO ORDERED this 12th day of November, 2015.

                                        s/ Paul R. Cherry
                                        MAGISTRATE JUDGE PAUL R. CHERRY
                                        UNITED STATES DISTRICT COURT