**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

```
PAUL FLETCHER,                )
                              )
         Plaintiff,           )
                              )   Cause No. 2:14-CV-231
    vs.                       )
                              )
HOEPPNER WAGNER & EVANS,      )
LLP, et al.,                  )
                              )
         Defendants.          )
```

## OPINION AND ORDER

This matter is before the Court on Plaintiff Fletcher's Objection to Magistrate Judge's Order Dated March 8, 2017, filed by pro se Plaintiff, Paul Fletcher, on March 27, 2017 (DE #165). For the reasons set forth below, the objection (DE #165) is **OVERRULED**.

BACKGROUND

Magistrate Judge Cherry entered an order on March 8, 2017, *inter alia*, denying Fletcher's motion to vacate or amend a previous court order and denying the motion to amend the scheduling order. (DE #160.) Fletcher has been seeking for a long time now to extend the discovery deadline in this case/reopen discovery. Pro se Plaintiff, Fletcher, filed the instant objection to this order on March 27, 2017 (DE #165). Defendant, Hoeppner Wagner & Evans, LLP ("HWE"), filed a response in opposition on April 10, 2017 (DE

#172), and Defendant, Wayne Golomb, also filed a response in opposition on April 10, 2017 (DE #173). Fletcher filed a reply with accompanying exhibits on April 20, 2017 (DE #176). As such, this motion is fully briefed and ripe for adjudication.

DISCUSSION

Plaintiff requests this Court review Magistrate Judge Cherry's ruling "de novo." (DE #165 at 1.) However, a district court's review of any discovery-related decisions made by a magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) provides that, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clear error standard means the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). In conducting this review, this Court does not ask whether the finding

2

is the best or only permissible conclusion, nor does it substitute its own conclusions for the magistrate judge's. *Herz v. Diocese of Fort Wayne-S. Bend, Inc.*, No. 1:12-cv-122 RM, 2012 WL 3870528, at *1 (N.D. Ind. Sept. 5, 2012). "A respect for this standard is important, given the pivotal role that magistrate judges play in overseeing the conduct of the sort of complex pretrial discovery typified by this case." *Gargiulo v. Baystate Health Inc.*, 279 F.R.D. 62, 64 (D. Mass. 2012).

As a preliminary matter, HWE's opposition brief contends that the objection is untimely. Under Federal Rule of Civil Procedure 72(a), an objection to a Magistrate's order must be filed "within 14 days after being served with a copy" Fed. R. Civ. P. 72(a). On March 27, 2017, Plaintiff filed his objection to Magistrate Judge Cherry's order dated March 8, 2017 (or 19 days after the order was entered). However, when service is made by mail, like in this case with the pro se Plaintiff, Federal Rule of Civil Procedure 6(d) allows an additional three days to respond. Fed. R. Civ. P 6(d) (citing Fed. R. Civ. P. 5(b)(2)(C)(mail)). As such, Fletcher had 17 days after March 8, 2017, to file his objection (which would have landed on Saturday March 25, 2017), and Federal Rule of Civil Procedure 6(a)(1)(C) provides that when the last day of the period is a Saturday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Thus, Plaintiff had until Monday, March 27, 2017, to file his objection,

and he timely filed his objection on that day.

Even though Fletcher's objection was timely filed, it still fails because Fletcher has failed to demonstrate how Judge Cherry's order is clearly erroneous. Magistrate Judge Cherry's March 8, 2017 order appropriately analyzed and addressed the issues presented by Fletcher in several motions he has made attempting to extend or reopen discovery in this case. In that order, Judge Cherry turned:

> to the relief Plaintiff seeks in the Motion to Vacate (ECF 142), namely reconsideration of the Court's December 20, 2016 Order, which denied Plaintiff's November 29, 2016 Motion to Reconsider the Court's November 15, 2016 Order, which had denied Plaintiff's October 21, 2016 Motion to Amend the Scheduling Order. In other words, Plaintiff asks the Court to reconsider the denial of his requests to extend the October 28, 2016 discovery deadline and other pretrial deadlines.

(DE #160 at 7.) Magistrate Judge Cherry meticulously went through the lengthy procedural history in this case, and he noted in the November 15, 2016 order, he found Plaintiff had not made a showing of good cause for the requested extension of time and denied the motion. (DE #160 at 9.) Then, in the interests of justice, the Court considered a pro se reply brief (that had previously been stricken) in ruling on the December 20, 2016 order, finding "there were still no dates associated with any of the discovery to show why the discovery could not have been completed by the discovery deadline." (*Id.* at 10.) Magistrate Judge Cherry went on to analyze the additional "factual detail provided by Plaintiff" and

4

found it "does not constitute good cause for extending the discovery deadline because the information does not explain why this discovery, if relevant, could not have been completed by the discovery deadline." (DE #160 at 12.)

Fletcher has not pointed to anything clearly erroneous or contrary to law in Judge Cherry's order. Magistrate Judge Cherry has spent significant time appropriately analyzing multiple motions to extend or reopen discovery in this matter. Nothing in the current motion, including Fletcher's references to an alleged mental incapacity problem with an attorney, justify why the requested discovery could not have been completed by Attorney Boynton during the almost two years that she was involved in this matter. In sum, Fletcher has failed to establish that there is any part of the Magistrate Judge's decision that should be modified or set aside as clearly erroneous or contrary to law. *See, e.g., Jones v. City of Elkhart*, No. 2:10-CV-402-TLS, 2012 WL 2458606, at *2 (N.D. Ind. June 27, 2012) (denying motion to reconsider magistrate judge's order where the plaintiff failed to show it was clearly erroneous or contrary to law).

Finally, the Court notes that HWE requests sanctions in the form of reasonable attorney fees for having to defend against this motion (DE #172 at 8). Plaintiff has the right under Rule 72 to timely object to a Magistrate Judge's order. As such, the request for sanctions is **DENIED**.

CONCLUSION

For the reasons set forth above, Plaintiff Fletcher's Objection to Magistrate Judge's Order Dated March 8, 2017 (DE #165), is **OVERRULED**.


**DATED: April 25, 2017**                    /s/ RUDY LOZANO, Judge
                                             **United States District Court**