# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| PAUL FLETCHER, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 2:14-CV-231-RL-PRC |
| HOEPPNER WAGNER & EVANS, LLP and WAYNE GOLOMB, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion for Stay of Proceedings and for Court-Sourced Expert Witness for Legal Malpractice [DE 167], filed by pro se Plaintiff Paul Fletcher on April 3, 2017. Defendant Hoeppner Wagner & Evans LLP (HWE) filed a response on April 5, 2017, and Plaintiff filed a reply on April 17, 2017. This matter is also before the Court on Defendant Wayne Golomb's Motion to Join Co-Defendant Hoeppner Wagner & Evans, LLP's Response [DE 170], filed by Defendant Wayne Golomb on April 10, 2017; the motion is unopposed.

As an initial matter, the Court notes that Northern District of Indiana Local Rule 7-1(a) requires that motions be filed separately. In the interests of justice, the Court considers both requests for relief in the instant motion. However, any future failure to comply with Local Rule 7-1(a) may result in the motion being stricken.

*1. Motion to Stay*

Plaintiff asks the Court to stay this matter pending a ruling on a Motion for Transfer that he filed on December 16, 2016, in a related matter in the Southern District of Indiana, Indianapolis Division, Cause No. 1:16-CV-2453.

The case in the Southern District of Indiana stems from the underlying matter from which the malpractice claims in the instant case arose. On August 4, 2016, while the proceedings in the underlying matter were still in the state court, the state court entered a directed verdict for Defendant Zupan in that case. Subsequently, Plaintiff's attorney in that case, of the firm Alerding Castor Hewitt, filed a claim against Plaintiff for $115,000 in legal fees. Plaintiff counter-sued for legal malpractice, breach of fiduciary duty, and breach of contract. On September 14, 2016, Plaintiff removed that action from state court to the United States District Court for the Southern District of Indiana with the intention of moving to consolidate it with the instant cause of action.

On November 30, 2016, Plaintiff filed a Motion to Consolidate in the instant case, asking this Court to consolidate the case in the Southern District of Indiana with the instant case. This Court denied the motion on December 5, 2016, on the basis that this Court cannot consolidate cases pending in different districts and that the case in the Southern District of Indiana would have to be transferred to this district before a motion to consolidate could be entertained.

On December 16, 2016, Plaintiff filed a Motion to Transfer in the case pending in the Southern District of Indiana. That motion has been fully briefed since January 7, 2017, and remains pending.

In the instant motion, Plaintiff asks this Court to stay this case until the case in the Southern District of Indiana is transferred to this district and the cases are consolidated. The Court has the inherent authority to manage its docket, including the authority to stay proceedings: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), quoted in *Tex. Indep. Producers & Royalty Owners*

*Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2004). When deciding whether to stay an action, courts often consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Tap Parm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004). This decision "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55 (citing *Kansas City Southern R. Co. v. United States*, 282 U.S. 760, 763 (1931)). The United States Supreme Court explained that the movant "for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255.

Plaintiff argues that his counterclaim in the underlying lawsuit and his claims in this case are both legal malpractice claims and that all attorneys were negligent in their representation of him in the underlying matter. Plaintiff argues that a stay will preserve judicial resources, duplicative efforts, and prevent inconsistent determinations. Plaintiff also argues that it would be more efficient to consolidate and have one legal malpractice expert. And, Plaintiff argues that it is not fair that Alerding Castor Hewitt and HWE will get to point fingers at each other to escape liability.

First, discovery has been closed in this case since October 28, 2016. On March 8, 2017, the undersigned Magistrate Judge denied Plaintiff's Motion to Reconsider the Court's previous rulings to extend the discovery deadline. On April 25, 2017, presiding judge Rudy Lozano overruled Plaintiff's objection to the March 8, 2017 Order, brought pursuant to Federal Rule of Civil Procedure 72(a). Thus, discovery in this case is closed. Plaintiff has not disclosed a malpractice

3

expert. The proceedings in this case have advanced considerably, while the case pending in the Southern District of Indiana is in the early stages of discovery.

Second, although the parties and issues need not be identical to warrant a stay, *see Landis*, 299 U.S. at 254, the attorney defendants in both cases were involved in the underlying litigation at different stages of that litigation and they appear to have acted independently of each other. Therefore, the issues relevant to the alleged malpractice of each attorney are distinct. Also, the claims against Defendant Golomb are not malpractice claims; and, he has a motion for summary judgment pending. Thus, a stay will not simplify the issues and the trial.

Third, Plaintiff is correct that the merits of the underlying litigation are relevant to the malpractice claims in both cases. However, Defendants in this case have diligently pursued the defense of this matter, which, as noted, is at the later stages of the proceedings. To now stay these proceedings would prejudice these Defendants in their interest in the prompt resolution of this litigation based on Plaintiff's prosecution of his claims in this case against them.

Fourth, there is no indication that the court in the Southern District of Indiana will grant Plaintiff's motion to transfer that case to this district—a motion that is opposed by defendants in that case.

Having weighed the parties' interests and finding that the stay will unduly prejudice and tactically disadvantage Defendants, will not simplify the issues or streamline the trial in this case, and will not reduce the burden of litigation on the parties and the Court, the Court denies the Motion to Stay.

2.  *Motion for Court-Sourced Expert Witness for Legal Malpractice*

Plaintiff asks the Court to assist him in finding or to appoint him a legal malpractice expert witness because he is unable to find one willing to work for him in this case. First, the deadline for Plaintiff to disclose experts was December 16, 2016. The instant request was made only after Defendant HWE served its expert disclosures on March 17, 2017. Thus, the motion is untimely. Moreover, although the Court construes pro se filings liberally, the Court may not act as an advocate for Plaintiff and, thus, denies the request to appoint or recommend an expert. *See Donald v. Cook Cnty. Sheriff's Dep't.*, 95 F.3d 548, 555-56 (7th Cir. 1996); *see also Gambrell v. Weichart*, No. 15-CV-1145, 2017 WL 1194011, at *1 (E.D. Wis. Mar. 30, 2017).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant Wayne Golomb's Motion to Join Co-Defendant Hoeppner Wagner & Evans, LLP's Response [DE 170] and **DENIES** the Motion for Stay of Proceedings and for Court-Sourced Expert Witness for Legal Malpractice [DE 167].    SO ORDERED this 27th day of April, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATE DISTRICT COURT

cc: Paul Fletcher, Plaintiff *pro se*