## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

PAUL FLETCHER,                )
                             )
            Plaintiff,        )
                             )    Cause No. 2:14-CV-231
        vs.                   )
                             )
HOEPPNER WAGNER & EVANS,      )
LLP, *et al.*,                )
                             )
            Defendants.       )

## <u>OPINION AND ORDER</u>

This matter is before the Court on: (1) Plaintiff Fletcher's Objection to Magistrate Judge's Order Dated April 27, 2017, filed by pro se Plaintiff, Paul Fletcher, on May 15, 2017 (DE #181); and (2) Wayne Golomb's Motion to Join Co-Defendant Hoeppner Wagner & Evans, LLP's Response to Plaintiff's Objection to Magistrate Judge's Order Dated April 27, 2017 (DE #186), filed by Defendant, Wayne Golomb, on May 31, 2017 (DE #186). For the reasons set forth below, the objection (DE #181) is **OVERRULED**. Golomb's motion to join the response (DE #186) is **GRANTED**.


<u>BACKGROUND</u>

Magistrate Judge Cherry entered an order on April 27, 2017, denying Fletcher's motion for a stay of proceedings and for a court-sourced expert witness for legal malpractice. (DE #178.) Pro se Plaintiff, Fletcher, filed the instant objection to this

order on May 15, 2017 (DE #181). Defendant, Hoeppner Wagner & Evans, LLP, filed a response in opposition on May 30, 2017 (DE #184). Hoeppner Wagner & Evans, LLP, also filed a supplement to its response on May 30, 2017 (DE #185). Defendant, Golomb, filed a motion to join the response on May 31, 2015 (DE #186). Plaintiff filed a reply on June 20, 2017 (DE #193). As such, this motion is fully briefed and ready for adjudication.

DISCUSSION

Plaintiff requests this Court review Magistrate Judge Cherry's ruling "de novo" and tries to argue this issue is so important, it could have a dispositive effect. (DE #181 at 1; DE #193 at 2.) However, a district court's review of any discovery-related decisions made by a magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) provides that, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clear error standard means the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court

2

on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). In conducting this review, this Court does not ask whether the finding is the best or only permissible conclusion, nor does it substitute its own conclusions for the magistrate judge's. *Herz v. Diocese of Fort Wayne-S. Bend, Inc.*, No. 1:12-cv-122 RM, 2012 WL 3870528, at *1 (N.D. Ind. Sept. 5, 2012). "A respect for this standard is important, given the pivotal role that magistrate judges play in overseeing the conduct of the sort of complex pretrial discovery typified by this case." *Gargiulo v. Baystate Health Inc.*, 279 F.R.D. 62, 64 (D. Mass. 2012).

In this case, Plaintiff has not shown that any part of the order is clearly erroneous or is contrary to law. Magistrate Judge Cherry applied the correct legal standard and found that a stay of these proceedings would unduly prejudice Defendants, not simplify the issues or streamline the trial, and would not reduce the burden of litigation on the parties or the Court. (DE #178 at 4.) This Court concurs with the sound analysis and conclusion. Moreover, as Hoeppner Wagner & Evans indicated in their supplement, the Southern District of Indiana denied Fletcher's motion to transfer that case to this district on April 28, 2017. (DE #185; Case 1:16-cv-02453-RLY-DKL, S.D. Ind. DE #53.)

Magistrate Judge Cherry found the request to appoint or suggest an expert was untimely, as the deadline to disclose experts was December 16, 2016. (*Id.* at 5.) Additionally, he properly cited case law that the Court could not act as an advocate for Plaintiff, and therefore, denied the request to appoint or recommend an expert. *See Donald v. Cook Cnty. Sheriff's Dep't.*, 95 F.3d 548, 555-56 (7th Cir. 1996); *see also Gambrell v. Weichart*, No. 15-CV-1145, 2017 WL 1194011, at *1 (E.D. Wis. Mar. 30, 2017). While Fletcher argues in his reply that he is not asking for advocacy, only the Court's assistance in locating or making experts available to him, this Court "cannot act as his lawyer." *Gambrell*, 2017 WL 1194011, at *1. Moreover, the pro se plaintiff in *Tangwall v. Robb*, No. 01-10008-BC, 2003 WL 23142190 (E.D. Mich. Dec. 23, 2003), made almost an identical request for a court-appointed expert witness pursuant to Rule 706 after the expert disclosure deadline had passed, also arguing, like Fletcher, that he was unable to secure an expert witness simply because he was a pro se litigant. The *Tangwall* court did not find the plaintiff's circumstances so compelling as to require the Court to appoint an expert on his behalf. *Id.* at *3-4. Similarly, this Court does not believe this is an exceptional case, in which the ordinary adversary process does not suffice, or a compelling circumstance. As such, this Court concurs with the analysis and conclusion of the Magistrate Judge in denying help with, or appointing a court-

sourced expert witness.

In sum, Fletcher has failed to establish that there is any part of the Magistrate Judge's decision that should be modified or set aside as clearly erroneous or contrary to law. *See, e.g., Jones v. City of Elkhart*, No. 2:10-CV-402-TLS, 2012 WL 2458606, at *2 (N.D. Ind. June 27, 2012) (denying motion to reconsider magistrate judge's order where the plaintiff failed to show it was clearly erroneous or contrary to law).

Finally, this Court notes that in his reply, Fletcher asks that if this Court affirms the Magistrate Judge's order, the Court grant him an additional 45 days to continue his attempts to locate an expert witness attorney. First, this request should be made in a separate motion. *See* N.D. IND. L.R. 7-1. Second, this request is untimely because the deadline to disclose experts was December 16, 2016. Consequently, the request for an extension of time to retain an expert is **DENIED**.


CONCLUSION

For the reasons set forth above, Plaintiff Fletcher's Objection to Magistrate Judge's Order Dated April 27, 2017, filed by pro se Plaintiff, Paul Fletcher, on May 15, 2017 (DE #181), is **OVERRULED**. Golomb's motion to join the response (DE #186) is **GRANTED**.

DATED: June 27, 2017                    /s/ RUDY LOZANO, Judge
                                        United States District Court

5