```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
              HAMMOND DIVISION
```

PAUL FLETCHER,              )
                            )
        Plaintiff,          )
                            )   Cause No. 2:14-CV-231
     vs.                    )
                            )
HOEPPNER WAGNER & EVANS,    )
LLP, *et al.*,              )
                            )
        Defendants.         )

## OPINION AND ORDER

This matter is before the Court on the "Motion to Vacate or Amend Court's Order Dated September 25, 2017, Granting Defendant Golomb's Motion for Summary Judgment and Dismissal of Counts II-IV of Fletcher's First Amended Complaint," filed by pro se Plaintiff, Paul Fletcher, on October 26, 2017 (DE #205). For the reasons set forth below, the motion (DE #205) is **DENIED**.

BACKGROUND

On September 25, 2017, this Court entered a lengthy order granting defendant Wayne Golomb's motion for summary judgment, and dismissing the claims against Golomb (Counts II-IV of the first amended complaint). (DE #26.) This Court found that summary judgment was appropriate on the three claims against Golomb: constructive fraud, constructive trust, and "accounting and turnover."

Pro se plaintiff, Fletcher, indicates that the present motion is being filed "in accordance with Rule 52(b) or 54(b); or in the event that the Order granting Golomb [sic.] Summary Judgment constitutes a 'final judgment,' in accordance with Rule 59." (DE #205 at 1.) Golomb filed a response on November 13, 2017 (DE #208). Fletcher filed a reply on November 28, 2017 (DE #215). Therefore, the motion is fully briefed and ready for adjudication.

DISCUSSION

Rule 59(e) applies to motions to "alter or amend a judgment." Fed. R. Civ. P. 59(e). However, partial summary judgment (and that is what this Court's ruling was, since there is still a claim pending against defendant, Hoeppner Wagner & Evans, LLP), is not a final entry of judgment within the meaning of Rule 59. *See Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 990 F.2d 342, 346 (7th Cir. 1983).

Fletcher's motion may properly be considered under Rule 54(b). *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Under Rule 54(b), the Court may exercise its inherent authority to reconsider or revise its interlocutory orders. *Bell v. Taylor*, No. 1:13-cv-

2

00798-TP-DKL, 2015 WL 13229553, at *2 (S.D. Ind. Dec. 4, 2015). These motions to consider perform a "valuable function" in the limited circumstances where a Court has: (1) patently misunderstood a party, (2) made a decision outside the adversarial issues presented to the Court by the parties, or (3) made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Additionally, a motion to reconsider may be appropriate when a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court. *Id.* Because such problems "rarely arise," a motion to reconsider "should be equally rare." *Id.* at 1191.

Here, the Court did not misapprehend Fletcher's arguments, or make a decision outside the presented issues, or make an error not of reasoning, but of apprehension. Although Fletcher claims the Court "overlooked and misinterpreted significant circumstantial evidence" (DE #205 at 1), this Court reviewed hundreds of pages of documents attached as exhibits (including those attached to Plaintiff's response at DE #189), allowed and considered the extra briefing in this case, and properly relied upon relevant facts supported in the record.

Fletcher claims this Court "missed that Golomb stated in his deposition that Taylor told Golomb not to bother with trading in his Fidelity accounts because he was not interested" but "the

Fidelity Symphony log shows otherwise" (DE #205 at 4) - however, these exact facts were recounted by the Court in its order and considered (DE #204 at 7; 16-17).

Fletcher claims he "did not anticipate that he would have to address" his constructive fraud claims anew because that count survived a motion to dismiss (DE #205 at 2); however, the standards are different on a motion to dismiss and summary judgment. Golomb properly alerted the pro se Plaintiff to his duty to respond to a motion for summary judgment in accordance with *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992). (DE #144.)

This Court did state in ruling on the motion to dismiss that "construing all inferences which may be reasonably drawn from the facts in the light most favorable to Plaintiff," as the Court had to at that stage of the proceedings, the Court found that Fletcher adequately pled that he was the "intended third-party beneficiary of those funds" and he pled facts sufficient to state a cause of action for constructive fraud. (DE #66 at 9.) On summary judgment, it was the time for Fletcher to marshal his facts and evidence and show that Golomb did actually owe a fiduciary duty to Fletcher based upon their relationship. *See Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003) (a "party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial."); *see also Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir.

4

2005) (emphasizing that summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events."). Fletcher did not do so. Instead, the undisputed facts showed that Taylor gave Golomb limited trading authority over the Fidelity investment accounts, there was no relationship between Golomb and Fletcher, although Fletcher was at one time a beneficiary, his status was changed, and there was no evidence in the record that Golomb had the power to change the beneficiary. (DE #204 at 18-19.) As this Court specifically found, even taking Fletcher's evidence (which contradicts some statements Golomb made during his deposition) as true, this "does not alter or lesson Fletcher's duty to properly establish a cause of action." (*Id.* at 16-17.) And in this case, Fletcher failed to show that Golomb owed him a fiduciary duty which is required for a claim of constructive fraud. (*Id.* at 17-19.)

Moreover, the Court found that "even if Fletcher *could* show that Golomb owed him a fiduciary duty, Fletcher still cannot satisfy the fifth part of the test - that Golomb gained an advantage at Fletcher's expense." (DE #204 at 19 (emphasis in original).) This Court already considered the $30,000 gift that Taylor's mother gave Golomb, but found that there was no evidence that this money came out of the retirement account that Golomb had limited trading authority over, or that Fletcher should have

5

received this money if he was still the designated beneficiary. (*Id.* at 20.) While Fletcher now claims that he has new evidence that Mrs. Taylor's bank records do not show any withdrawal of $30,000 (DE #205 at 9), this evidence still does not show that Golomb gained an economic advantage at the expense of Fletcher.

All of the arguments presented in Fletcher's motion and reply are either arguments that could have been made before (such as his citations to *Morfin v. Estate of Martinez*, 831 N.E.2d 791 (Ind. Ct. App. 2005), *Thomas v. Briggs*, 189 N.E. 389 (Ind. Ct. App. 1934), *Walker v. Lawson*, 514 N.E.2d 629 (Ind. Ct. App. 1987), *McDaniel v. Shepherd*, 577 N.E.2d 239 (Ind. Ct. App. 1991), and *Scott v. Bodor, Inc.*, 571 N.E.2d 313 (Ind. Ct. App. 1991)), or arguments that actually were made to this Court in the underlying motion. This is inappropriate. *See United States of America for the Use and Benefit of Sustainable Modular Mgmt., Inc., v. Custom Mech. Sys., Corp.*, No. 1:16-cv-02915-JMS-MJD, 2017 WL 4405050, at *3 (S.D. Ind. Oct. 4, 2017) (quotation and citation omitted) (finding motions to amend are not appropriately used to advance arguments or theories that could and should have been made before, and "[t]he same can be said of motions to reconsider under Rule 54(b).").

Finally, Fletcher attempts in his reply to distinguish that he did not claim that Zupan forged Taylor's actual signature on the change of beneficiary form, but rather that he was arguing that "Zupan impersonated Taylor on a call to Fidelity on August 1, 2008

6

and in that call to Fidelity's agent, Kim Rice, dictated the content of a new beneficiary assignment form that made Zupan the new beneficiary of all of Taylor's Fidelity accounts, completely displacing Fletcher as sole beneficiary on all his accounts since inception in 1997." (DE #215 at 1.) However, whether he is claiming that Zupan actually forged Taylor's signature, or that Zupan impersonated Taylor on a call to make the new beneficiary forms, does not have any bearing on the elements of the causes of action in this case. Moreover, it does not show that the Court made an error of apprehension in finding that Golomb was entitled to judgment as a matter of law on the counts of constructive fraud, constructive trust, and "accounting and turnover." This Court finds that summary judgment was appropriate, and declines to revise its order.

CONCLUSION

For the reasons set forth above, the "Motion to Vacate or Amend Court's Order Dated September 25, 2017, Granting Defendant Golomb's Motion for Summary Judgment and Dismissal of Counts II-IV of Fletcher's First Amended Complaint," filed by pro se Plaintiff, Paul Fletcher, on October 26, 2017 (DE #205), is **DENIED**.

**DATED: December 18, 2017**         /s/ RUDY LOZANO, Judge
                                     **United States District Court**