**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| PAUL FLETCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.: 2:14-CV-231-TLS |
| vs. | ) | |
| | ) | |
| HOEPPNER WAGNER & EVANS, | ) | |
| LLP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the: (1) Motion for Summary Judgment, filed by

Defendant Hoeppner Wagner & Evans, LLP, on November 28, 2017 [ECF No. 211]; and (2)

Motion for Leave to File Surreply to Defendant Hoeppner Wagner & Evans' Reply in Support of

Summary Judgment, filed by pro se Plaintiff Paul Fletcher on June 20, 2018 [ECF No. 239]. For

the reasons set forth below, the Motion for Leave to File Surreply [ECF No. 239] is DENIED AS

MOOT. The Motion for Summary Judgment [ECF No. 211] is GRANTED. The Clerk is

ORDERED to dismiss Count I of the First Amended WITH PREJUDICE and to CLOSE this

case.

**BACKGROUND**

The Plaintiff who is currently pro se, brought one count of legal malpractice against the

Defendant in this action. [ECF No. 38]. The Plaintiff claims that the Defendant negligently

represented him in his state court lawsuit, *Paul Fletcher v. National Financial Services, LLC*

*d/b/a Fidelity Investments and Mark Zupan*, Cause No. 45D02-1405-PL-14, filed in Lake

Superior Court on February 24, 2009. [ECF No. 213-1].

In the underlying state suit, the Plaintiff alleged that his friend, Scott Taylor, named Fletcher as the beneficiary of three of Taylor's retirement accounts with National Financial Services, LLC ("Fidelity"), but a "change of beneficiary form was forged by [Mark] Zupan," to fraudulently designate himself as the beneficiary of those accounts. (*Id.* at ¶ 12.)

Other counts in the Amended Complaint (II–IV) were alleged against co-Defendant Wayne Golomb, but these claims were previously dismissed by Judge Rudy Lozano in his order granting summary judgment in favor of Defendant Golomb on September 25, 2017. [ECF No. 204]. Because the facts of this case are discussed in detail in Judge Lozano's previous order, this Court will not recite them again here. However, the Court will discuss the facts relevant to this particular count and Defendant.

The Defendant filed the instant Motion for Summary Judgment on November 28, 2017. [ECF No. 211]. On the same date, it also filed a Notice [ECF No. 214] of summary judgment to the pro se Plaintiff in accordance with *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). The Defendant's main argument is that there can be no malpractice liability because it has shown by uncontradicted expert evidence that it met the established standard of care in representing the Plaintiff. Following five motions for extension of time to respond, the Plaintiff filed a Response [ECF No. 235] on May 23, 2018. The Plaintiff argues, among other things, that he does not need to present expert testimony on the issue of malpractice because the common knowledge exception applies. The Defendant filed a Reply [ECF No. 238] on June 5, 2018. The Plaintiff filed his Motion for Leave to File a Surreply [ECF No. 239] on June 20, 2018; the Defendant filed an Objection [ECF No. 240] on June 26, 2018; and the Plaintiff filed a Reply [ECF No. 241] on July 9, 2018. The instant Motions are fully briefed and ready for adjudication.

**DISCUSSION**

**A.      Motion for Leave to File Surreply**

The Plaintiff filed a motion for Leave to File a Surreply and attached the proposed surreply memorandum. (*See* ECF No. 239-1.) Local Rule 7-1 permits parties to file a supporting brief, a response, and a reply, "but does not contemplate the filing of a surreply or response to the reply brief." *Lafayette Life Ins. Co. v. City of Menasha, Wisconsin*, No. 4:09 cv 64, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010) (denying motion for leave to file surreply where the "surreply is another attempt to point to the weaknesses in the defendant's brief, and ignores that it is the court's duty to weigh the arguments, distinguish cases, and apply the law."). Courts generally do not permit litigants to file a surreply brief. *Id.* However, "a surreply brief is occasionally allowed when it raises or responds to some new issue or development in the law." *Id.*; *see also Hall v. Forest River, Inc.*, No. 3:04-cv-259, 2008 WL 1774216, at *1 n.1 (N.D. Ind. Apr. 15, 2008). The Court has reviewed the Plaintiff's surreply, and it does not raise or respond to new issues or legal developments; it only reiterates arguments already made. In any event, the Court would come to the same conclusion regarding the Defendant's Motion for Summary Judgment regardless of whether it accepted the Plaintiff's surreply. Thus, the Plaintiff's Motion for Leave to File a Surreply is denied as moot.

**B.      Motion for Summary Judgment**

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine

3

dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine dispute of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, "a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (citations omitted).

A party opposing a properly supported summary judgment motion may not rely on allegations in his own pleading but rather must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (citation omitted). If the non-moving party fails to establish the existence of an essential element on which he bears the burden of proof at trial, summary judgment is proper. *See Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003).

Although pro se plaintiffs are generally entitled to lenient standards, they are required to comply with local procedural rules governing motions for summary judgment. *See, e.g., Cady v.*

*Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). The Local Rules of the Northern District of Indiana call for the party opposing summary judgment to include a section labeled "Statement of Genuine Disputes" that identifies the material facts the party contends are genuinely disputed. The Court notes that Plaintiff's response has a subheading "Fletcher's Rebuttal of HWE's Statement of Material Facts/Fletcher's Statement of Material Facts" (*see* Pl. Resp. Br. 1, ECF No. 235) and then numbered paragraphs, but there is not a second heading for legal argument. While some facts have citations to the record, much of the information in the fact section contains improper legal argument, convoluted arguments, and unsupported statements.[1] The Seventh Circuit has reiterated the need for an appropriate factual statement in opposition to a motion for summary judgment: "[t]hese statements are not merely superfluous abstracts of evidence . . . they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of the questions." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). Despite the Plaintiff's deficient statement of material facts, because of his pro se status, the Court has reviewed the briefing in its entirety.

It is well established that a federal court sitting in diversity must evaluate claims under the state law that pertains to the dispute—in this case, Indiana. *See Colip v. Clare*, 26 F.3d 712,

---

[1] For example, the Plaintiff has in his statement of facts statements that are argumentative, and do not refer to any citation in the record. For example: "Mercer has not engaged in full disclosure with Fletcher, and even though his conclusions are not damaging as they do not undermine Fletcher's theory of forgery, they appear to have an ulterior purpose to undermine or dispose of Fletcher's case, a purpose implemented by HWE in May 2012, when it stopped communicating regularly with Wockner and had already failed on numerous occasions to press forward with securing much discovery requested between October 2011 and February 2012." (Pl. Resp. Br. 31, ECF No. 235.) This is improper. Fed. R. Civ. P. 56(c)(1)(A).

714 (7th Cir. 1994). In Indiana, in order "[t]o prove a legal malpractice claim, a plaintiff must establish: (1) employment of the attorney (duty); (2) failure of the attorney to exercise ordinary skill and knowledge (breach); (3) proximate cause (causation); and (4) loss to the plaintiff (damages)." *Flatow v. Ingalls*, 932 N.E.2d 726, 729 (Ind. Ct. App. 2010) (citing *Thayer v. Vaughan*, 798 N.E.2d 249, 255 (Ind. Ct. App. 2003)).

"[E]xpert testimony is usually required in a legal malpractice action to establish the standard of care by which the defendant attorney's conduct is measured." *Oxley v. Lenn*, 819 N.E.2d 851, 857 (Ind. Ct. App. 2004). "The only exception to the rule is when the question is within the common knowledge of the community as a whole or when an attorney's negligence is so grossly apparent that a layperson would have no difficulty in appraising it." *Storey v. Leonas*, 904 N.E.2d 229, 238 (Ind. Ct. App. 2009) (citing *Hacker v. Holland*, 570 N.E.2d 951, 953 n.2 (Ind. Ct. App. 1991)). The Plaintiff contends that "[t]he record shows that the HWE failed to take any action whatsoever in regard to the matters entrusted to him by Fletcher. Such negligence is so explicit that expert testimony concerning the standard of care is not unnecessary [sic.]." (Pl. Resp. Br. 39.)

The common knowledge exception to the general requirement that expert testimony is necessary to prove a legal malpractice case in Indiana does not apply to this case. In his response, the Plaintiff makes detailed arguments about his interpretation of intricate facts patterns and several legal theories of liability that he claims the Defendant (as well as other law firms or attorneys who represented him) should have discovered and developed. The Plaintiff argued that: if the Defendant had "researched the statute" it would have properly represented him; it failed to execute its client's objectives and instructions; it failed to properly conduct

discovery; it failed to investigate the disposition of the Plaintiff's money; it failed to advise the Plaintiff that another law firm (Shambaugh, Kast, Beck & Williams, LLP) should not have dismissed Fidelity; it improperly "put all its eggs in one basket called 'signature forgery' to the negligent exclusion of a viable case theory as in the forging of a fraudulent document and the litany of overlooked undue influences"; and it failed to properly obtain "contemporaneous [handwriting] exemplars" (so as to determine if Taylor's signature was genuine). (*See* Pl. Resp. Br. 22–29.) This level of detail, complexity of argument, and reference to multiple legal theories of liability underscores that a lay person does *not* possess the requisite knowledge to evaluate the standard of care that the Defendant owed to the Plaintiff, and that instead, expert testimony is necessary.

The Plaintiff cites two Illinois cases on the expert testimony point, which, aside from being non-binding, are also readily distinguishable. In *Sorenson v. Fio Rito*, an attorney failed to file tax returns, and despite attempts by the client to check in, the attorney told her "not to worry because he was taking care of it." 413 N.E.2d 47, 49–50 (Ill. App. Ct. 1980). In that case, the court found that because the attorney "failed to take any action whatsoever in regard to the matters entrusted to him by the plaintiff" the negligence was "so explicit that expert testimony concerning the standard of care was unnecessary." *Id.* at 374. In contrast, the Defendant here took many actions in the underlying matter, representing the Plaintiff from August 15, 2011, through July 6, 2012, and conducting extensive legal work on behalf of the Plaintiff, including: filing a motion under Rule 60(B) and successfully setting aside the state court's previous Trial Rule 41(E) dismissal; reviewing depositions; conducting interviews; serving discovery; subpoenaing records; obtaining handwriting exemplars; defending the Plaintiff at his deposition;

7

deposing Zupan; serving subpoenas and requests for production; and reviewing discovery. (Def. Mem. in Supp. of Mot. 16, 25, ECF No. 212.)

The Plaintiff also cites *House v. Maddux*, in which the court found the attorney's failure to comply with the statute of limitations was so grossly apparent that "a layman would have no difficulty in apprising it." 360 N.E.2d 580, 584 (Ill. App. Ct. 1977). No such deadline was missed in this case.

The Plaintiff cites two cases from California as well: *Wilkinson v. Rives*, 116 Cal. App. 3d 641 (Cal. Ct. App. 1982), and *Wright v. Williams*, 47 Cal. App. 3d 802, 811 (Cal. Ct. App. 1975). But both of those cases support the Defendant's position, because they held that reference to general knowledge was not enough, and expert testimony *was* necessary on the standard of care and the attorney's performance in relation to that standard. Finally, the Plaintiff cites one Indiana case: *Northern Indiana Public Service Co. v. Sharp*, 790 N.E.2d 462 (Ind. 2003). However, *Sharp* was a wrongful death claim, and the issue of the common knowledge exception for legal malpractice was not before the court.

The Defendant has presented David C. Jensen, an expert witness who established the standard of care to which an attorney must conform and concluded that the attorneys, Walker and Meyer, working for the Defendant met that standard in their representation of the Plaintiff. (D. Jensen Affidavit and 3/17/2017 Opinion Report, ECF No. 213-76.) Further, Jensen opined that Walker and Meyer's representation neither caused nor contributed to any injuries to the Plaintiff and that the Defendant did not violate any duties owed to him. (*Id.* at 3–9). Jensen further opined that the Plaintiff could not prevail against Zupan on the claims of forgery, undue influence, breach of duty, or tortious interference, and thus he could not recover against his former

attorneys, regardless of their performance. *Id.* Because the Defendant's expert testimony is not contested and the Court perceives no fundamental deficiency in it, summary judgment is warranted in its favor.

Although the Court need not reach the other issues raised by the Defendant in its supporting memorandum, it notes that summary judgment would also be appropriate on the basis that the Plaintiff has failed to show that the outcome of his claims in the underlying state court litigation would have been more favorable but for his attorneys' conduct, which is a necessary component of proving either causation or damages.

## CONCLUSION

For the reasons set forth above, the Motion for Leave to File Surreply [ECF No. 239] is DENIED AS MOOT. Additionally, the Motion for Summary Judgment, filed by Defendant, Hoeppner Wagner & Evans, LLP, on November 28, 2017 [ECF No. 211], is GRANTED. The Clerk is ORDERED to dismiss Count I of the First Amended Complaint (Legal Malpractice against Hoeppner Wagner & Evans LLP) WITH PREJUDICE and to CLOSE this case.

SO ORDERED on August 10, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION